UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| STEVEN JODY RICKARDS, | |
| Petitioner, | Civil Action No. 10-96-HRW |
| v. | |
| J.C. HOLLAND, Warden, | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

\*\*\*\* \*\*\*\* \*\*\*\*

Steven Jody Rickards, an inmate confined at the Federal Correctional Institution in Ashland, Kentucky, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 **[D.E. 2]** and has paid the filing fee. **[D.E. 3]**. Having reviewed the petition[1], the Court must deny relief because Rickards' claims are not cognizable in a petition for a writ of habeas corpus pursuant to Section 2241.

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, at \*1 (6th Cir. October 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

Rickards was convicted in this Court, pursuant to a Plea Agreement entered in Case No. 6:04-cr-010. On February 5, 2005, Rickards received a 144-month sentence of imprisonment on Count 1 (conspiracy to manufacture over 50 grams of methamphetamine in violation of 21 U.S.C. § 846), a concurrent 144-month sentence on Count 8 (aiding and abetting in the attempt to manufacture methamphetamine in violation of 18 U.S.C. § 2), and a consecutive 60-month sentence on Count 13 (aiding and abetting in the possession of firearms in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A) and 2), for a total sentence of 204 months.[2]

Irrespective of the fact that Rickards waived his right to appeal his conviction and any sentence that did not exceed 270 months, Rickards appealed his conviction and sentence. The Sixth Circuit dismissed the appeal, finding that the appeal waiver was "made knowingly and voluntarily." Rickards then collaterally attacked his conviction and sentence in a motion filed under 28 U.S.C. § 2255. On October 5, 2007, the district court denied his § 2255 motion and dismissed the case. No appeal thereof was filed.

In his petition, Rickards contends that his sentence on Count 13 must be vacated in light of the Sixth Circuit's recent decision in *United States v. Almany*, 598 F.3d 238

---

[2] The penalty for Count 1 was a mandatory ten-year minimum sentence; the penalty for Count 13 was a mandatory five-year sentence.

(6th Cir. 2010). Additionally, Rickards asserts that (1) the waiver contained in his Plea Agreement is unenforceable against a collateral attack on an unlawful sentence, and (2) he is actually innocent of the Section 924(c) offense by reason of *Almany*. Rickards acknowledges that he is unable to proceed under 28 U.S.C. § 2255 in challenging the validity of the sentence imposed on Count 13 due to (1) the AEDPA's statute of limitations, and (2) the fact that he has not received permission to file a second or successive § 2255 motion. However, he asserts that he is entitled to proceed in this Section 2241 petition by reason of the "savings clause" contained in Section 2255(e).

## Discussion/Analysis

In *Almany*, the defendant received a mandatory, minimum ten-year sentence for conspiracy to possess with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 841(b)(1)(A), and a mandatory, minimum five-year sentence for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). The five-year mandatory, minimum sentence on the firearm charge was imposed consecutively, notwithstanding language in Section 924 which provides that such sentence is imposed "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, ..." Following the Second Circuit's lead in *United States v. Whitley*, 529 F.3d

3

150 (2nd Cir. 2008), the Sixth Circuit held that imposing a mandatory, consecutive sentence on the firearm charge where the defendant is already subject to a greater mandatory minimum sentence violated the plain language of the statute. *Almany*, 598 F.3d at 241-42.

The Court must deny the petition because Rickards may not assert this claim in a habeas corpus petition under section 2241. A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). Generally, a federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affects the manner in which his sentence is being executed, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

Section 2255(e) provides a narrow exception to this rule and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance where a prisoner may take advantage of this provision is where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d

799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law or did assert his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

A challenge only to the sentence imposed does not fall within the reach of Section 2255's savings clause. *Talbott v. Holencik*, No. 08-619, 2009 WL 322107, at *6-7 (C.D. Cal. Feb. 5, 2009) ("Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed."); *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (federal courts "ha[ve] . . . not extended the reach of the savings clause to those petitioners challenging only their sentence."); *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *United States v. Peterman*, 249 F.3d at 462 (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences. Courts have generally declined to collaterally review sentences that fall within the

statutory maximum."); *Daniel v. Shartle*, No. 10-CV-1019, 2010 WL 2697079, at *2 (N.D. Ohio July 6, 2010).

In this case, Rickards challenges not only the mandatory, consecutive five-year sentence imposed for the Section 924(c) offense, but also the validity of the conviction itself in view of *Almany*, contending that he is "actually innocent" of the Section 924(c) offense. He also submits that since the consecutive, five-year sentence imposed for the Section 924(c) offense is unlawful, the waiver of his right to collaterally attack this unlawful sentence is unenforceable.

Rickards' claim that he is "actually innocent" of the Section 924(c) offense by reason of *Almany* and therefore, the sentence imposed is unlawful is without merit for two different reasons: (1) factual innocence is not synonymous with "legal innocence," and (2) *Almany* had no impact on the conduct itself (*i.e.*, it did not render conduct lawful that was at one time unlawful).

Additionally, a habeas petitioner's claim for relief must be predicated upon a decision of the United States Supreme Court, instead of a federal court of appeals. *Mans v. Young*, 36 F. App'x 766, 768 (6th Cir. 2002) ("The only sentencing claims that may conceivably be covered by the savings clause are those based upon a

6

retroactively applicable Supreme Court decision overturning circuit precedent.").[3] Since Rickards' claim, even if meritorious, does not indicate that he was convicted of conduct "that the law does not make criminal" in light of a Supreme Court decision rendered after his direct appeal or first collateral attack on his conviction, it is not cognizable in a habeas corpus proceeding under Section 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998).

Accordingly, **IT IS ORDERED** that:

1. Rickards' petition for a writ of habeas corpus **[D.E. 2]** is **DENIED.**

2. The Court will enter an appropriate judgment.

This November 17, 2010.

Signed By:
Henry R Wilhoit Jr.
United States District Judge

---

[3] In *Almany*, on June 8, 2010, the United States Department of Justice filed a petition for a writ of certiorari in the Supreme Court; however, the Supreme Court has made no decision whether to grant or to deny the petition. Further, even if the petition is granted, it is unknown whether the Supreme Court will affirm or reverse *Almany*, and if affirmed, whether it will be made retroactively to cases such as Petitioner's case.